UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY KONRATH,                          )
                                          )
                        Plaintiff,        )
                                          )
              v.                          )          Cause No. 3:16-CV-664 JD
                                          )
MIAMI COUNTY,                             )
                                          )
                        Defendant.        )

OPINION AND ORDER

Gregory Konrath, a pro se prisoner, filed a complaint alleging that the Miami County Prosecutor had him arrested for attempted murder based on an affidavit which lacked probable cause and then charged him with attempted murder even though the alleged offense did not occur in Miami County. He also alleges that prosecutor fabricated a stalking charge against him and offered him an excessive plea bargain. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Konrath acknowledges that the prosecutor has immunity for these actions because "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Moreover, absolute immunity shields prosecutors even if they act maliciously, unreasonably, without

probable cause, or even on the basis of false testimony or evidence." *Id.* (quotation marks and citation omitted). Because Konrath cannot sue the prosecutor himself, he has named Miami County as the defendant in this case.

He argues that Miami County is liable because a "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). That is true, but this is not one of those circumstances. The Prosecutor is not a municipal policy maker for Miami County. Indiana prosecutors are independently elected judicial officers. Indiana Constitution Art. 7, § 16. They are not county officers. Indiana Constitution Art. 6, § 2. Therefore Miami County cannot be held liable for the actions of the Prosecutor.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, Miami County is not a proper defendant and amending the complaint to name the Prosecutor would be futile because he has prosecutorial immunity.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it does not state a claim against Miami County.

SO ORDERED.

ENTERED:  November 22, 2016

                        /s/ JON E. DEGUILIO

Judge
United States District Judge